# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

| | |
|---|---|
| WEST VIRGINIA CWP FUND, as insurer for LOGAN COALS, INC., | ) ) ) |
| Petitioner | ) ) |
| v. | ) No. 12-2034 ) |
| PAGE BENDER, JR.; DIRECTOR, OFFICE OF WORKERS' COMPENSATION PROGRAMS, UNITED STATES DEPARTMENT OF LABOR, | ) ) ) ) ) ) |
| Respondents | ) |

## DIRECTOR'S UNOPPOSED MOTION FOR AN ENLARGEMENT OF TIME WITHIN WHICH TO FILE A SEPARATE RESPONSE BRIEF

Pursuant to the Court's Local Rule 28(d) and Rule 26(b) of the Federal Rules of Appellate Procedure, the Director, Office of Workers' Compensation Programs, United States Department of Labor, by counsel, respectfully moves the Court for leave to file a separate response brief and an enlargement of time until February 14, 2014, to file that brief. As grounds for this motion, the Director states the following:

1. The West Virginia CWP Fund, as the insurer for Logan Coals, Inc.,

(Logan Coals) petitions this Court for review of a Benefits Review Board order affirming an administrative law judge's decision awarding Page Bender, Jr.'s claim for benefits under the Black Lung Benefits Act, 30 U.S.C. § 901 *et seq.*, as amended by the Patient Protection and Affordable Care Act (ACA), Pub. L. No. 111-148, § 1556(b), (c) (2010) (to be codified at 30 U.S.C. §§ 921(c)(4), 932(*l*)). While this claim has been in dispute, the Black Lung Disability Trust Fund is paying monthly interim benefits on behalf of Logan Coals to Mr. Bender. 20 C.F.R. § 725.522.

    2. The Director is the government official responsible for the administration of the Black Lung Benefits program, including administering payment of benefits from the Black Lung Disability Trust Fund and recouping benefits paid out on behalf of an operator. *See* 20 C.F.R. § 701.202(f) (Director is Secretary of Labor's designee). The Director, as administrator of the BLBA, has an interest in ensuring the proper interpretation and application of the Act and implementing regulations. *See Jewell Smokeless Coal Corp. v. Street*, 42 F.3d 241, 244 (4th Cir. 1994). In contrast, claimant's primary interest in the case is monetary, *i.e.*, the grant of compensation under the Act. Given these divergent interests, the Director respectfully requests that he be permitted to file a separate response brief.

    3. The primary issue raised in the opening brief filed by the coal company challenges the interpretation of the statutory and regulatory language delineating

the methods for rebutting the presumption of total disability due to pneumoconiosis in 30 U.S.C. § 921(c)(4) of the BLBA, as amended by § 1556(a) of the ACA. The legal issue is complex and requires an understanding of the history of the BLBA. The Director's interest in responding to this argument and defending the statute and the Secretary's regulations to ensure the proper administration of the Black Lung Benefits program differ greatly from the private respondent's interests. Therefore, rather than requiring the Director and claimant to negotiate a division of 14,000 word limitation, the Director further requests that his separate brief be limited to not more than 10,000 words. Fed. R. App. P. 32(a)(7)(B)(i); Local Rule 32(b).

4. The Director's response brief is currently due to be filed on January 15, 2014. In addition to the response brief in this case, the Director has five other response briefs in cases presenting the same issue due to this Court on January 27, 2014:

- Consol of Kentucky v. Atwell, No. 13-1220
- Hobet Mining LLC v. Epling, No. 13-1738
- Laurel Run Mining Co. v. Maynard, No. 12-2581
- West Virginia CWP Fund v. Reed, No. 12-1104
- Island Creek Coal Co. v. Dykes, No. 12-1777

Additional time is needed in order to properly prepare and coordinate the Director's response in these cases.

5. The federal government shutdown from October 1-16, 2013, along with the Thanksgiving, Christmas, and New Year's holidays and an appointment to jury duty for the staff attorney with whom primary responsibility for preparation of the Director's response brief in this case lies created a backlog of briefing deadlines for both the staff attorney and for supervisory counsel. The briefing deadlines that were missed due to the shutdown had to take priority. Consequently, counsel for the Director was unable to begin developing the Director's response prior to receipt of the coal company's opening brief.

6. These cases present the Director's first opportunity to fully brief the impact of the Department's recently-enacted regulations implementing the 2010 amendment to 30 U.S.C. § 921(c)(4). The coal company's challenge to the Department's interpretation of that provision raises complex issues. As a result, formulating the Director's response will require extensive consultation with the client and supervisory attorneys in the Office of the Solicitor. That consultation process will not be completed in time to file the Director's brief on January 15, 2014; therefore, the Director requests an extension of time.

7. Counsel for the Director has not previously requested an extension of time in this case. Counsel for Logan Coals requested and was granted two

extensions of its briefing deadline. Counsel for Mr. Bender requested and was granted one extension of its briefing deadline.

    8. Pursuant to the Court's Local Rule 27(a), counsel for the Director has contacted counsel for the coal company and for claimant. Neither objects to the granting of this motion.

**WHEREFORE**, in view of the circumstances outlined above, the Director respectfully requests leave to file a separate response brief of not more than 10,000 words and an enlargement of time until February 14, 2014, within which to file that brief.

                              Respectfully submitted,

                              M. PATRICIA SMITH
                              Solicitor of Labor

                              RAE ELLEN JAMES
                              Associate Solicitor

                              SEAN G. BAJKOWSKI
                              Counsel for Appellate Litigation

                              /s/ Maia S. Fisher
                              MAIA S. FISHER
                              Attorney
                              U.S. Department of Labor
                              Office of the Solicitor
                              Suite N-2119
                              Frances Perkins Building
                              200 Constitution Avenue, N.W.
                              Washington, D.C.  20210
                              (202) 693-5684
                              BLLS.SOL@dol.gov
                              Fisher.Maia@dol.gov

                              Attorneys for the Director, Office of Workers' Compensation Programs

## CERTIFICATE OF SERVICE

I hereby certify that on January 9, 2013, using the Court's CM/ECF system, the foregoing motion was filed with this Court and served on the following:

William S. Mattingly, Esq.
Jackson Kelly PLLC
P.O. Box 619
Morgantown, WV  26507
wmattingly@jacksonkelly.com


Roger D. Forman, Esq.
The Law Offices of Roger D. Forman, L.C.
P.O. Box 213
Buckeye, WV  24924
rdf@citynet.net


/s/ Maia S. Fisher
MAIA S. FISHER
Attorney
U.S. Department of Labor
BLLS.SOL@dol.gov
Fisher.Maia@dol.gov